IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD MCARTHUR RIGSBEE, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>　　　　Defendant. | Civ. No. 17-00532 HG-KSC |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(A) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES (ECF No. 48)**

**and**

**GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS (ECF No. 50)**

　　On June 14, 2016, Clifford Meredith Rigsbee ("Decedent") was engaged in rescue watercraft training as part of his duties as a firefighter with the Honolulu Fire Department. The training was conducted on the navigable waters within the State of Hawaii on the southeast shore of Oahu, less than one marine league from shore.

　　During the ocean training, Decedent suffered blunt force injury to his head and neck. He was brought ashore and transported to Straub Medical Center. Two days later, on June 16, 2014, he died as a result of his injuries.

1

Plaintiff Clifford McArthur Rigsbee, as the personal representative of the Estate of the Decedent, filed a First Amended Complaint against the City and County of Honolulu.  The First Amended Complaint asserts claims for negligence and seeks damages on behalf of the Estate as a result of the Decedent's death.

Plaintiff has filed two motions.  The motions seek rulings concerning the types of damages available in this action.

First, Plaintiff seeks damages pursuant to general maritime law for the future lifetime loss of the Decedent's earnings.

Second, Plaintiff seeks to supplement the damages available to the Estate pursuant to general maritime law with hedonic damages pursuant to Hawaii state law.

Defendant City and County of Honolulu takes no position on either of Plaintiff's Motions.

Plaintiff's Motions (ECF Nos. 48, 50) are **GRANTED.**

The Estate of Clifford Meredith Rigsbee may seek to recover damages for the Decedent's lost future earnings.

The Estate may also seek to recover hedonic damages pursuant to Hawaii state law.

## **PROCEDURAL HISTORY**

On October 23, 2017, Plaintiff Clifford McArthur Rigsbee, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased, filed a Complaint.  (ECF No. 1).

On January 29, 2018, Plaintiff filed PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE (FOR ASSUMPTION OF RISK). (ECF No. 27).

On February 14, 2018, the Court issued a STIPULATION TO DISMISS WITH PREJUDICE THE SEVENTH AFFIRMATIVE DEFENSE OF DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO COMPLAINT, FILED ON DECEMBER 18, 2017 AND ORDER. (ECF No. 30).

On May 17, 2018, Plaintiff filed the FIRST AMENDED COMPLAINT. (ECF No. 36).

On July 18, 2018, Plaintiff filed PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES and a Concise Statement of Facts in Support. (ECF Nos. 48 and 49).

On the same date, Plaintiff filed PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS and a Concise Statement of Facts in Support. (ECF Nos. 50 and 51).

On August 7, 2018, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S **STATEMENT OF NO POSITION** TO PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS. (ECF No. 57).

On the same date, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S **STATEMENT OF NO POSITION** TO PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES. (ECF No. 58).

On September 7, 2018, the Court elected to decide the Motions without a hearing pursuant to District of Hawaii Local Rule 7.2(d). (ECF No. 68).

## BACKGROUND

The Parties do not dispute the following facts:

Clifford Meredith Rigsbee ("Decedent") was employed as a firefighter with the Honolulu Fire Department. (First Amended Complaint at ¶ 7, attached as Ex. A to Pla.'s Concise Statement of Facts, ECF No. 49-2; Amended Answer at ¶ 3, attached as Ex. B to Pla.'s Motion, ECF No. 49-3).

On June 14, 2016, Decedent was assigned to rescue watercraft training on the southeast shore of Oahu, near Kaimana Beach. (Id.)

The rescue watercraft training occurred in the navigable waters within the State of Hawaii, less than one marine league from the Oahu shore. (FAC at ¶ 4, ECF No. 49-2; Amended Answer at ¶ 3, ECF No. 49-3).

During the training, Decedent was laying on a board being pulled by a jet ski. (FAC at ¶ 11, ECF No. 49-2; Amended Answer at ¶ 3, ECF No. 49-3). At some point during the training, Decedent sustained blunt force injuries to his head and neck. (Deposition of Christopher Happy, M.D., at p. 52, ("Dr. Happy Depo.") attached as Ex. C to Pla.'s CSF, ECF No. 49-4). The driver of the jet ski observed the Decedent floating faced-down

4

in the water. (Statement of Fire Fighter Matthew Martin, attached as Ex. E to Pla.'s CSF, ECF No. 49-6). Decedent was brought in from the water and transported to Straub Medical Center. (Discharge Summary from Straub Clinic and Hospital, attached as Ex. D, ECF No. 49-5).

The Decedent died two days later, on June 16, 2016, as a result of the blunt force injuries to his head and neck. (Id.; Dr. Happy Depo. at p. 52, Ex. C, ECF No. 49-4).

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have

5

the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party. State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on

6

mere allegations or denials.  Fed. R. Civ. P. 56(e); <u>Gasaway v. Northwestern Mut. Life Ins. Co.</u>, 26 F.3d 957, 959-60 (9th Cir. 1994).  When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.  <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993); <u>see</u> <u>also</u> <u>National Steel Corp. v. Golden Eagle Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir. 1997).

## **ANALYSIS**

### **I. There Is Admiralty Tort Jurisdiction Over The Estate's Negligence Claims**

A party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) for a tort claim must satisfy two conditions.  First, admiralty tort jurisdiction has a locality requirement.  <u>Grubart v. Great Lakes Dredge & Dock Co.</u>, 513 U.S. 527, 534 (1995).  The plaintiff must demonstrate that the tort occurred on navigable water or demonstrate that the injury suffered on land was caused by a vessel on navigable water.  <u>Id.</u>

Second, admiralty tort jurisdiction requires that the tort be connected with traditional maritime activity.  <u>Id.</u>

#### **A. Locality**

The test for locality is whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water.

In this case, the test for locality is satisfied. There is no dispute that the accident involving the Decedent occurred in the navigable ocean waters off the coast of Oahu.

**B. Nexus To Marine Activity**

The second issue for deciding admiralty tort jurisdiction requires that the case be connected to a maritime activity. The Court applies the "nexus test," which involves two parts:

(1) whether the incident has a "potentially disruptive impact on maritime commerce," and;

(2) whether the general character of the activity giving rise to the incident bears a substantial relationship to traditional maritime activity.

Grubart, 513 U.S. at 534; Sisson v. Ruby, 497 U.S. 358, 362-63 (1990).

**1. Disruption Of Maritime Commerce**

The disruption issue does not turn on whether the particular accident *actually* disrupted commercial activity, but whether the incident had a *potentially* disruptive effect. In re Mission Bay Jet Sports, LLC, 570 F.3d 1124, 1128-29 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has explained that there is a potentially disruptive impact when a passenger is injured within navigable waters. Id. The appellate court stated that such an accident could cause the vessel to stop to conduct a search and rescue operation or call for assistance from others.

It may also involve other vessels that could ensnarl maritime traffic. Id.

Here, the accident is the sort that disrupts maritime commerce. The accident occurred within navigable waters. It had the potential to interfere with commercial activity as the Decedent had to be pulled from the water. It was necessary to have a rescue vessel dispatched to the scene here. Id.

### 2. Substantial Relationship To Traditional Maritime Activity

The case also has a substantial relationship to traditional maritime activity. Accidents involving jet skis are substantially related to maritime activities. Jet skis are vessels that have traditionally carried passengers across navigable waters. In re Mission Bay Jet Sports, LLC, 570 F.3d at 1129 (finding admiralty jurisdiction over tort claims by two people who were seriously injured when thrown off jet skis).

There is admiralty jurisdiction over Plaintiff's tort claims. Grubart, 513 U.S. at 534.

## II. The Estate May Seek Survival Action Remedies Pursuant to General Maritime Law

### A. General Maritime Law Applies To Plaintiff's Claims

There are two primary sources of federal maritime law: general maritime law and statutory law.

Plaintiff's claims arise pursuant to general maritime law, not a federal statute.  Congress has enacted statutes to cover remedies for injuries relating to seafarers, for injuries occurring on the high seas, and for injuries to those involved in maritime trade.  See The Jones Act, 46 U.S.C. § 30104; The Death On The High Seas Act, 46 U.S.C. § 30301; The Longshore & Harbor Workers' Compensation Act, 33 U.S.C. § 903.

Federal statutory law does not provide the basis for injuries occurring to nonseafarers who are injured within a State's territorial waters.  In 1970, the United States Supreme Court created a general maritime law remedy for tort claims involving a nonseafarer who sustains injuries in state territorial waters.  Moragne v. States Marine Lines, Inc., 398 U.S. 375, 393, 409 (1970).

The Parties agree that the Decedent was a "nonseafarer."  The Decedent was a Honolulu firefighter.  He was not a seaman, longshore worker, or person otherwise engaged in a maritime trade who would be subject to a federal maritime statute.  Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 208 (1996).

The Parties also agree that the Decedent's injuries occurred in Hawaii state territorial waters, less than one marine league from the Oahu shore.  (Amended Answer at ¶ 3, ECF No. 49-3).

Plaintiff's claims are subject to general maritime law.

### B. The Estate May Seek Recovery Of Decedent's Lost Future Earnings

Plaintiff brings a survival action on behalf of Decedent's estate. The survival action pursuant to general maritime law allows for the recovery of damages for any loss or injury that was sustained by the decedent himself. Davis v. Bender Shipbuilding and Repair Co., Inc., 27 F.3d 426, 429 (9th Cir. 1994).

The Ninth Circuit Court of Appeals addressed the types of damages available in a survival action pursuant to general maritime law in Evich v. Morris, 819 F.2d 256, 258 (9th Cir. 1987) (Evich II).

In Evich II, the appellate court explained that pre-death pain and suffering is compensable in a survival action brought by the decedent's estate. Id.

The Ninth Circuit Court of Appeals found that damages for future economic loss are available in general maritime law survival actions in addition to pre-death pain and suffering. Id. The appellate court stated that recovery for the decedent's future economic loss is available in such cases, because it "better becomes the humane and liberal character of proceedings in admiralty." (Id. quoting Moragne, 398 U.S. at 387) (internal quotation marks and citations omitted).

Evich II was overruled, in part, in Miles v. Apex Marine Corp., 498 U.S. 19, 33 (1990). Miles limited recovery in cases subject to the Jones Act or the Death On The High Seas Act.

Neither the Jones Act nor the Death On The High Seas Act applies in this case. Evich II remains good law. The Ninth Circuit Court of Appeals has upheld the holding in Evich II in general maritime survival actions as recently as 2018. Batterton v. Dutra Group, 880 F.3d 1089, 1095-96 (9th Cir. 2018); see Sutton v. Earles, 26 F.3d 903, 919-20 (9th Cir. 1994) (upholding Evich II following the decision in Miles).

The holding in Evich II allowing recovery of future earnings is applicable to this case. See Hambrook v. Smith, Civ. No. 14-132 ACK-KJM, 2016 WL 4084110, *4-*5 (D. Haw. Aug. 1, 2016) (applying Evich II and permitting evidence for loss of future earnings in a general maritime law case where it does not result in double recovery).

The Estate of Clifford Meredith Rigsbee is permitted to seek recovery of the lost future earnings of the Decedent.

PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS (ECF No. 50) is **GRANTED**.

### III. The Estate May Seek To Supplement General Maritime Law Damages With Hedonic Damages Pursuant To Hawaii State Law

In Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 206 (1996), the United States Supreme Court held that state remedies remain applicable in maritime survival actions in which no federal statute specifies the appropriate relief. See 17A

Moore's Federal Practice § 124.46 n.15 (3d ed. 2009) (state law applies if not in conflict with general maritime law).

State law may be applied in general maritime law cases to fill gaps or provide relief that is otherwise unavailable under admiralty law. Matheny v. Tennessee Valley Auth., 503 F.Supp.2d 917, 922 (M.D. Tenn. 2007); In re Air Crash at Belle Harbor, New York, No. MDL 1448, 2006 WL 1288298, at *15 (S.D.N.Y. May 9, 2006) ("Subsequent federal courts, consistent with the rationale of Yamaha, have allowed more generous state law to supplement the Moragne death action and rejected arguments by defendants that Yamaha requires application of state law even when that law is narrower than the Moragne cause of action.").

Plaintiff seeks to supplement the remedies available pursuant to general maritime law with Hawaii State law. Specifically, Plaintiff seeks hedonic damages pursuant to Hawaii State law.

Hedonic damages are damages for the loss of enjoyment of life, or for the value of life itself, as measured separately from the economic productive value that the injured or deceased person would have had. Montalvo v. Lapez, 884 P.2d 345, 347 n.2 (Haw. 1994). Recovery of hedonic damages is provided by statute in Hawaii Revised Statutes § 663-8.5(a).

The question of whether Hawaii state law hedonic damages may supplement the remedies available in a general maritime law tort action was recently addressed in this District in Hambrook v.

13

Smith, Civ. No. 14-00132 ACK-KJM, 2016 WL 4408991, *22 (D. Haw. Aug. 17, 2016).

In Hambrook, the District of Hawaii Court reviewed the Hawaii statute that permits hedonistic damages in tort actions. The District Court found no conflict between the Hawaii state statute and general maritime law. Id. at *40-*41. The District Court found that a decedent's recovery for loss of enjoyment of life is not limited by death and may be considered separately from pain and suffering. Id. at *41 (citing Polm v. Dep't of Human Servs., 2014 WL 7390879, at *20-*21 (Haw. App. Ct. Dec. 30, 2014).

The District Court for the District of Hawaii awarded hedonic damages pursuant to Hawaii state law in addition to the damages pursuant to general maritime law. Hambrook, 2016 WL 4409881, *41.

The Estate of Clifford Meredith Rigsbee is permitted to seek hedonistic damages pursuant to Haw. Rev. Stat. § 663-8.5(a).

PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES (ECF No. 48) is **GRANTED**.

## CONCLUSION

PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS (ECF No. 50) is **GRANTED**.

PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES (ECF No. 48) is **GRANTED**.

IT IS SO ORDERED.

DATED: October 16, 2018, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Clifford McArthur Rigsbee as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased v. City and County of Honolulu; Civ. No. 17-00532HG-KSC; **ORDER GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(A) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES (ECF No. 48) and GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS (ECF No. 50)**