Howard G. McPherson 5582-0
737 Bishop Street, Suite 1640
Honolulu, Hawaii 96813
Telephone: (808) 778-7894
Email: hgmcpherson@gmail.com

John R. Hillsman *Pro Hac Vice*
Abraham Feinstein-Hillsman *Pro Hac Vice*
Law Offices of McGuinn, Hillsman & Palefsky
535 Pacific Avenue, Suite 100
San Francisco, California 94133
Telephone: (415) 421-9292
Emails: jrhillsman@mhpsf.com
          bfh@mhpsf.com

John T. O'Connell 10715-0
O'Connell and Associates
65 Pearl Street
Holliston, MA 07146
Telephone: (617) 996-2500
Email: oconnell@jtoclaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CLIFFORD McARTHUR RIGSBEE, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased,<br><br>Plaintiff,<br><br>vs. | Civ. 17-00532 HG-RT<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1 [ECF 141]; EXHIBITS A-B; CERTIFICATE OF SERVICE<br><br>*(caption continued on next page)* |

| | |
|---|---|
| CITY and COUNTY of HONOLULU, a municipal corporation,<br><br>              Defendant.<br>_____ | ) Hearing:<br>) Date: March 1, 2019<br>) Time: 10:30 a.m.<br>) Judge: Hon. Helen Gillmor<br>)<br>) Trial: March 12, 2019<br>) |

## SUMMARY OF OPPOSITION

Plaintiff does not oppose exclusion of Trial Exhibit 127, Defendant City and County of Honolulu ("the City")'s summary of prior RWC injuries.

With respect to Trial Exhibit 128, the City's underlying injury report forms, Plaintiff opposes exclusion only of the following two, which are attached hereto as Exhibit ("Exh.") A and B, respectively:

- **Incident #12 - 04/12/10 - Bates C002258-2259**
- **Incident #22 – 09/18/14 – Bates C002290-2291**

## LEGAL STANDARDS

"Incidents which *'occurred under similar circumstances or share the same cause' can properly be deemed substantially similar.*" *Surles v. Greyhound Lines, Inc.,* 474 F.3d 288, 297 (6th Cir. 2007) (citation omitted—emphasis added). "Minor or immaterial dissimilarity does not prevent admissibility." *White v. Ford Motor Co.,* 312 F.3d 996, 1009 (9th Cir. 2002). "The 'substantial similarity' doctrine does not require identical circumstances, and allows for some play in the joints depending on the

scenario presented and the desired use of the evidence." *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015); *Brazos River Authority v. GE Ionics, Inc.,* 469 F.3d 416, 426 (5th Cir. 2006) ("the degree of similarity is a question that goes to the weight of the evidence (for the jury), not to admissibility. As long as there are similarities (as there are here), the differences are for the jury to decide").

"Evidence of similar occurrences may be offered to show a *defendant's notice of a particular defect or danger*, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen v. Jaguar Cars, Inc.,* 915 F.2d 641, 650 (11th Cir. 1990) (emphasis added); *Acevedo v. NCL (Bahamas), Ltd.,* 317 F.Supp.3d 1188, 1193 (S.D.Fla. 2017) (same—maritime tort).

"The degree of substantial similarity is dependent on how the evidence is to be used. If the evidence is being offered 'to illustrate the existence of a dangerous condition,' a higher degree of similarity is necessary 'because it weighs directly on the ultimate issue to be decided by the jury.'" *Maiorano v. Home Depot U.S.A., Inc.,* 2018 U.S. Dist. LEXIS 78570, at *9, 2018 WL 2128609 (S.D.Cal.) (citations omitted)

"For purposes of proving other accidents in order *to show defendants' awareness of a dangerous condition*, the rule requiring substantial similarity

of those accidents to the accident at issue *should be relaxed.*" *Younan v. Rolls-Royce Corp.,* 2013 U.S. Dist. LEXIS 65136, at *29, 2013 WL 1899919 (S.D.Cal.) (emphasis added), quoting *Jackson v. Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1083 (5th Cir. 1986) (citing *inter alia* McCormick on Evidence §200 (2d ed. 1972); *Maiorano, supra,* at *10 ("On the other hand, *the degree of substantial similarity is relaxed* where the evidence offered is used '*to demonstrate notice or awareness* of a potential defect. Any differences in the accidents not affecting a finding of substantial similarity go to the weight of the evidence.'") (emphasis added); *cf., Sorrels, supra,* 796 F.3d at 1287-1288 ("The conditions surrounding the two incidents were similar enough to allow the jury to draw a reasonable inference concerning FEC's *ability to foresee this* . . . Although the results of the two incidents were dissimilar, this difference is insubstantial in considering *the issue of the foreseeability*[.]") (emphasis added), quoting *Borden, Inc. v. Fla. E. Coast Rlwy Co.,* 772 F.2d 750, 755 (11th Cir. 1985).

Other accidents deemed "dissimilar" are admissible nevertheless for impeachment. *Cooper v. Firestone Tire & Rubber Co.,* 945 F.2d 1103, 1105 (9th Cir. 1991) (Browning, J.) ("dissimilar accidents may be admitted when relevant to the witness's credibility. The problem of relevancy involved when plaintiffs have sought to introduce evidence of dissimilar accidents in

3

their case-in-chief is not present when the evidence is relevant to credibility."); *Maiorano v. Home Depot U.S.A., Inc., supra,* at *10 (same).

## ARGUMENT

### Incident #12 - 04/12/10 - Bates C002258-2259

<u>This injury report provides in relevant part as follows</u>:

[C002258]

Describe injury or illness (part of body and extent of injury)
*Two (2) lacerations to the left eye lid.*

What was employee doing when injury occurred and how did injury happen?
*Training on rescue water craft (Jet Ski), Brandon was lying on a rescue sled at the rear of the Jet Ski. The operator of the Jet Ski, transversed [sic] over a wave. After landing on the back side of the wave, Brandon's head collided with the rescue board. The impact resulted with the helmet visor to cause 2 lacerations to his eye lid.*

[C002259]

How could accident have been prevented? What action has been taken to prevent similar accidents in the future?
*Employee was wearing all PPE [Personal Protection Equipment]. Even though no extreme operating maneuvering were performed employee were advised to use more caution when transversing [sic] over a wave.*

Exh. A (emphasis added).

The word traverse means: "2. to pass through . . . 3. to go or travel across or over". <u>Webster's New Collegiate Dictionary</u> (1981) at 1234.

4

Decedent Rigsbee's injury occurred after the RWC traversed a wave while he was a sled rider—like the injured employee in this report. Decedent Rigsbee was injured after the RWC landed on the back side of the wave—like the injured employee in this report. It was determined at autopsy that Decedent Rigsbee suffered an abrasion above his left eye, while he was wearing all PPE—like the injured employee in this report.

This injury report is sufficiently similar to the subject incident in these ways, and it shares a common cause of harm with the subject incident (sled rider impact after traversing a wave). *Surles, supra,* 474 F.3d at 297 ("Incidents which *'occurred under similar circumstances or share the same cause'* can properly be deemed substantially similar") (emphasis added).

This report is therefore relevant and admissible to prove:

(1) <u>notice</u> of this particular danger (sled rider impact after traversing a wave), *Younan, supra,* at *29 (("For purposes of proving other accidents in order *to show defendants' awareness of a dangerous condition*, the rule requiring substantial similarity of those accidents to the accident at issue should be relaxed.") (emphasis added); and

(2) <u>foreseeability</u> of resulting head injury. *Sorrels, supra,* 796 F.3d at 1287-1288 ("The conditions surrounding the two incidents were similar enough to allow the jury to draw a reasonable inference concerning FEC's ability to foresee this . . . Although the results of the two incidents were

5

dissimilar, this difference is insubstantial in considering the issue of the foreseeability[.]") (citation omitted).  This report should be admitted.

### Incident #22 – 09/18/14 – Bates C002290-2291

<u>This injury report provides in relevant part as follows</u>:

[C002290]

Describe injury or illness (part of body and extent of injury)
*I [sic] head piled into the back of the rescue water craft and hurt my neck, back, and left shoulder and arm while trying to hold onto the sled.*

What was employee doing when injury occurred and how did injury happen?
*I was the sled rider on the rescue water craft being driven by Captain James Hull.  We were "facing off" with the shorebreak at North Beach.  As we tried to punch through one of the 3 foot waves, the sled bucked me straight up into the air.  My head and body came straight into the back of the rescue water craft, then my fins "scorpioned" me, wacked me in the head.  I flopped back down onto the board.  I blacked out for a few seconds and then things came back fuzzy and I saw stars.  I felt numbness and then tingling in my left and right arm.*

[C002291]

How could accident have been prevented? What action has been taken to prevent similar accidents in the future?
*Attempt to use more caution when conducting hazardous training activities.*

Exh. C (emphasis added).

Decedent Rigsbee's injury occurred after the RWC traversed a wave while he was a sled rider—like the injured employee in this report. Decedent Rigsbee was injured when his head impacted the rear of the RWC—like the injured employee in this report. Decedent Rigsbee lost consciousness after the impact—like the injured employee in this report, although for longer. It was determined during hospital treatment and at autopsy that Decedent Rigsbee suffered a head and neck injury—like the injured employee in this report, although a more severe injury.

This injury report is sufficiently similar to the subject incident in these ways, and it shares a common cause of harm with the subject incident (sled rider impact after traversing a wave). *Surles, supra,* 474 F.3d at 297 ("Incidents which *'occurred under similar circumstances or share the same cause'* can properly be deemed substantially similar") (emphasis added).

This report is therefore relevant and admissible to prove:

(1) <u>notice</u> of this particular danger (sled rider impact after traversing a wave) *Younan, supra,* at *29 (("For purposes of proving other accidents in order *to show defendants' awareness of a dangerous condition*, the rule requiring substantial similarity of those accidents to the accident at issue should be relaxed.") (emphasis added); and

(2) <u>foreseeability</u> of resulting head and neck injury. *Sorrels, supra,* 796 F.3d at 1287-1288 ("The conditions surrounding the two incidents were

similar enough to allow the jury to draw a reasonable inference concerning FEC's ability to foresee this . . . Although the results of the two incidents were dissimilar, this difference is insubstantial in considering the issue of the foreseeability[.]") (citation omitted). This report should also be admitted.

        Respectfully submitted,

/s/ Howard G. McPherson
Howard G. McPherson
John R. Hillsman
Abraham Feinstein-Hillsman
John T. O'Connell
Attorneys for Plaintiff