IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD MCARTHUR RIGSBEE, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>        Defendant. | Civ. No. 17-00532 HG-RT |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION TO STRIKE AND PRECLUDE WITNESSES FORESTER, IBARRA, AND BROWN (ECF No. 125)**

This is a maritime action relating to the death of Clifford Meredith Rigsbee. On June 14, 2016, the decedent was engaged in rescue watercraft training as part of his duties as a firefighter with the Honolulu Fire Department. During the ocean training, the decedent suffered blunt force injury to his head and neck. He died two days later as a result of his injuries.

Plaintiff Clifford McArthur Rigsbee, as Personal Representative of the Estate of Clifford Meredith Rigsbee, filed a Motion seeking to strike three of Defendant City and County of Honolulu's witnesses listed on their Pretrial Statement. The three witnesses are Ian Forester, Ricky "Koa" Ibarra, and Kent Brown. Plaintiff also seeks to preclude the witnesses from

1

testifying at the bench trial set for March 12, 2019.

Defendant responded to Plaintiff's Motion by amending its Pretrial Statement. Defendant's First Amended Pretrial Statement removed witnesses Ibarra and Brown. Defendant did not remove Ian Forester as a witness and still seeks to call Mr. Forester as a witness at trial.

Defendant concedes that Mr. Forester was not properly disclosed pursuant to Fed. R. Civ. P. 26. Defendant states that it is willing to limit Mr. Forester's testimony as a remedy to cure any prejudice incurred by the Plaintiff due to the late disclosure.

Plaintiff's Motion to Strike and Preclude Witnesses Forester, Ibarra, and Brown (ECF No. 125) is **GRANTED, IN PART, AND DENIED, IN PART.**

Ibarra and Brown are precluded from testifying at trial.

Forester may testify at trial in a limited capacity as a lay witness.

## PROCEDURAL HISTORY

On January 22, 2019, Plaintiff filed its Pretrial Statement. (ECF No. 122).

On the same date, Defendant City and County of Honolulu filed its Pretrial Statement. (ECF No. 123).

On January 29, 2019, the Magistrate Judge held a Final

2

Pretrial Conference.  (ECF No. 124).

On January 30, 2019, Plaintiff filed PLAINTIFF'S MOTION TO STRIKE AND PRECLUDE WITNESSES FORESTER, IBARRA AND BROWN.  (ECF No. 125).

On February 5, 2019, the Court issued a briefing schedule setting forward the five-step test governing witnesses exclusion that it sought the Parties to address.  (ECF No. 127).

On February 11, 2019, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND PRECLUDE WITNESSES FORESTER, IBARRA AND BROWN.  (ECF No. 132).

On February 15, 2019, Plaintiff filed his Reply.  (ECF No. 135).

On February 21, 2019, the Court held a hearing on Plaintiff's Motion to Strike and Preclude.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(a)(1) requires the parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

A party must make the initial disclosures at or within 14

days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. Fed. R. Civ. P. 26(a)(1)(C).

Parties are under a continuing duty to supplement these disclosures pursuant to Fed. R. Civ. P. 26(e).

Failure to comply with Fed. R. Civ. P. 26's disclosure requirements may result in sanctions, including the exclusion of the witness at trial pursuant to Fed. R. Civ. P. 37(c)(1). Yeti by Molly, Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1105-06 (9th Cir. 2001).

## ANALYSIS

### I. Defendant's Witness Ian Forester

Defendant seeks to call Ian Forester as a witness at trial. Defendant concedes that it did not include Mr. Forester as a witness in its Rule 26 disclosures, but it argues that Mr. Forester was made known to Plaintiff during discovery. Defendant is willing to limit Mr. Forester's testimony so as to minimize any prejudice to Plaintiff.

Plaintiff objects to Mr. Forester being called as a witness, even in a limited capacity.

**A. Ian Forester Was Not Disclosed In Defendant's Initial Or Supplemental Disclosures Pursuant To Fed. R. Civ. P. 26**

On October 23, 2017, Plaintiff filed its Complaint. (ECF

No. 1).

On December 21, 2017, the Magistrate Judge issued the Rule 16 Scheduling Order. (ECF No. 23). The Magistrate Judge set a deadline of June 18, 2018 for the Parties to disclose any expert reports. (Id.) The Magistrate Judge set October 19, 2018 as the discovery deadline. (Id.)

Pursuant to the Scheduling Order, on January 19, 2018, Defendant served its Rule 26 Initial Disclosures on Plaintiff. (ECF No. 26).

Ten days later, on January 29, 2018, Defendant served its Supplemental Disclosures on Plaintiff. (ECF No. 29).

Ian Forester was not named as a potential witness in either the Defendant's Initial Disclosures or its Supplemental Disclosures.

### B. Mr. Forester Was Mentioned In Discovery Documents And During The Deposition Of Captain Alan Park

On March 8, 2018, Defendant produced discovery to the Plaintiff that included information mentioning Mr. Forester. (Def.'s Motion at pp. 7-8, ECF No. 132).

Specifically, Defendant provided Plaintiff with a June 18, 2016 statement, a June 18, 2016 transcript of an audio interview, and a June 21, 2018 statement all made by Honolulu Fire Department Captain Alan Park. (6/18/16 Statement of Capt. Park, attached as Ex. A, ECF No. 132-2; 6/21/18 Statement of Capt.

5

Park, attached as Ex. B, ECF No. 132-3; 6/18/18 Transcript of Audio Interview of Capt. Park, attached as Ex. D, ECF No. 132-5). The statements each indicated that on the day of the accident Captain Park had a brief conversation with Mr. Forester, who was an Ocean Safety Lifeguard. The statements provided inconsistent information as to the content of the communications.

A few months after the discovery was disclosed, on June 28, 2018, Captain Park was deposed about the accident at issue in this case. During his deposition, Plaintiff's counsel questioned Captain Park about Mr. Forester and the conversation they had on the day of the accident. (Transcript of Deposition of Capt. Park at pp. 163-66, attached as Ex. C, ECF No. 132-4).

**C.   Mr. Forester Was Subsequently Disclosed As A Potential Expert In A September 13, 2018 E-Mail Correspondence**

On September 13, 2018, Defendant's Attorney disclosed to Plaintiff that Mr. Forester might potentially serve as an expert witness regarding rescue watercraft operations. (Declaration of Randall Schmitt at ¶ 4, ECF No. 132-1).

The e-mail was sent to Plaintiff in conjunction with the Parties' filing of a Stipulation to Extend Expert Disclosures and the Discovery Deadline on September 18, 2018. (ECF No. 77). The Parties' stipulation agreed to extend the expert disclosure deadline to October 1, 2018, and to extend discovery for the purpose of conducting expert depositions.

Defendant opted not to use Mr. Forester as an expert witness and never provided an expert report from Mr. Forester.

Defendant claims "it was merely an oversight that the City did not supplement its initial disclosures to name Forester as a lay witness prior to the discovery cutoff that followed shortly thereafter on October 19, 2018." (Def.'s Opp. at p. 12, ECF No. 132).

### D. Mr. Forester Was Included As A Witness On Defendant's Pretrial Statement Seven Weeks Before Trial

On January 22, 2019, Defendant City and County of Honolulu listed Mr. Forester as a potential witness in its Pretrial Statement.

On February 5, 2019, Defendant filed a First Amended Pretrial Statement. (ECF No. 126). The First Amended Pretrial Statement continued to list Mr. Forester as a potential witness despite Plaintiff's objection.

Plaintiff objects to the testimony of Mr. Forester.

Defendant stated at the hearing that it agrees to limit Mr. Forester's testimony to that of a lay witness. It states that Mr. Forester will testify regarding his observations of ocean conditions on the day of the accident and the conversation that he had with Captain Park.

Plaintiff argues that Mr. Forester should not be permitted to testify at trial in any capacity due to Defendant's untimely

7

disclosure.

## II. Five-Step Test For Resolving Untimely Witness Disclosure

Courts in the Ninth Circuit have articulated a "five-step decision tree" for resolving whether a witness designation is timely. Ware v. Chertoff, 2008 WL 11419048, *1 (D. Haw. Mar. 10, 2008) (citing Depew v. ShopKo Stores, Inc., 2006 WL 47357, at *1 (D. Idaho Jan 6. 2006)). The test is set forth as follows:

(1) Was the witness identified in the Rule 26(f) initial disclosures?

(2) If not, was the witness identified in a supplemental disclosure pursuant to Rule 26(e)?

(3) If not, has the witness and his connection to the claims or defenses of the proffering party "otherwise been made known to the other parties during the discovery process or in writing" thereby excusing the failure to supplement pursuant to Rule 26(e)?

(4) If not, has the proffering party shown that its failure was substantially justified?

(5) If not, has the proffering party shown that its failure was harmless in order to avoid Rule 37 sanctions?

Defendant City and County of Honolulu concedes that Ian Forester was not disclosed in the initial disclosures.

Defendant also concedes that Mr. Forester was not disclosed in a supplemental disclosure.

Defendant argues that Mr. Forester was disclosed during the discovery process such that it should be excused from failing to

8

supplement its disclosures.  Defendant argues that even if he was not sufficiently disclosed during the discovery process, its failure to disclose should be excused.

**III. Defendant Did Not Provide Timely Notice Of Its Intention To Call Mr. Forester As A Witness At Trial**

Pursuant to Fed. R. Civ. P. 26, the parties are under a duty to supplement or correct their initial disclosures or discovery responses in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.  Fed. R. Civ. P. 26(e)(1)(A); Jones v. Travelers Cas. Ins. Co. of Am., 304 F.R.D. 677, 679 (N.D. Cal. 2015).

Defendant claims that Plaintiff "was on notice of potential discoverable information regarding Forester early in the discovery process."  (Def.'s Opp. at p. 6, ECF No. 132).

Mr. Forester was mentioned in discovery materials containing statements by Captain Alan Park.  (6/18/16 Statement of Capt. Park, attached as Ex. A, ECF No. 132-2; 6/21/16 Statement of Capt. Park, attached as Ex. B, ECF No. 132-3).  Forester was also mentioned during Captain Park's deposition.  (Deposition of Capt. Park, attached as Ex. C, ECF No. 132-4).

The Ninth Circuit Court of Appeals has specifically held

9

that the mere mention of a person during a deposition is insufficient to place the other party on notice for purposes of Fed. R. Civ. P. 26(f).  Ollier v. Sweetwater Union Sch. Dist., 768 F.3d 843, 862 (9th Cir. 2014).  The appellate court explained that "a passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations."  Id.  An adverse party should not have to guess which undisclosed witnesses may be called to testify.  Id.

Captain Park merely stating that he briefly spoke to Mr. Forester near Kaimana Beach during the date of the accident did not cure Defendant's obligations pursuant to Fed. R. Civ. P. 26.  The rule places the disclosure obligation on the party itself.  The fact that Captain Park made references to Mr. Forester did not satisfy the Defendant City and County of Honolulu's obligations.  Ollier, 768 F.3d at 863.

Captain Park's testimony and statements about Mr. Forester were inconsistent and did not provide clear information as to the content of their conversation.  The discovery was not the sort of information that would have put Plaintiff on notice that Forester was necessary or meaningful to the case.  See Patton v. Hanassab, 2016 WL 6962747, *4-*6 (S.D. Cal. Nov. 29, 2016) (excusing the plaintiff's failure to comply with Rule 26 because he disclosed the witness during discovery as having information that was "the

10

heart of the matter."); Karl Storz Endoscopy-Am., Inc. v. Stryker Corp., 2018 WL 3646842, *12 (N.D. Cal. Aug. 1, 2018).

The mentions of Mr. Forester in discovery and during the deposition were insufficient to excuse Defendant's failure to disclose Mr. Forester as a potential witness. Benjamin v. B&H Educ. Inc., 877 F.3d 1139, 1150-51 (9th Cir. 2017).

**IV. Mr. Forester May Testify At Trial In A Limited Capacity As A Lay Witness**

A party who fails to disclose information required by Rule 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2) is generally not permitted to use the undisclosed evidence at trial. Fed. R. Civ. P. 37(c)(1); Benjamin, 877 F.3d at 1150-51.

District courts have "wide latitude" to use its discretion in determining whether a party should be prevented from calling a witness that was not properly disclosed. Yeti by Molly, Ltd v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

The Court may excuse an untimely disclosure by considering whether the late disclosure was harmless or substantially justified by analyzing the following factors:

(1) prejudice or surprise to the party against whom the evidence is offered;

(2) the ability of that party to cure the prejudice;

(3) the likelihood of disruption of the trial; and,

(4) bad faith or willfulness involved in not timely disclosing the evidence.

Lanard Toys Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010).

The Court must also consider the availability of less drastic options rather than precluding the witness from testifying at trial. Linder v. Meadow Gold Dairies, Inc., 249 F.R.D. 625, 642 (D. Haw. 2008) (citing Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997)).

**A. Surprise To The Opposing Party**

Mr. Forester was not properly disclosed by the Defendant in a Rule 26 disclosure. The existence of Mr. Forester as a potential witness was not a complete surprise to the Plaintiff. Defendant's counsel sent an e-mail to Plaintiff indicating that there was a possibility that Mr. Forester would serve as an expert witness.

Plaintiff was aware that Mr. Forester was an Ocean Safety employee who spoke with Captain Park on the day of the accident. Plaintiff had the opportunity to question Captain Park about his interactions about Mr. Forester. (Deposition of Capt. Alan Park, attached as Ex. C. to Def.'s Opp. at pp. 163-66, ECF No. 132-4).

Although not properly disclosed, there was some indication in the record that Mr. Forester possessed information relevant to disputed issues in this case.

### B. Ability To Cure Prejudice

There is an ability to minimize prejudice to the Plaintiff due to Defendant's untimely disclosure. Mr. Forester may be deposed prior to trial and the scope of his testimony be limited.

Mr. Forester is not permitted to testify as an expert witness. Defendant claims in its Witness List filed on February 19, 2019, that Mr. Forester will testify "about his own experience and training as a lifeguard and [rescue watercraft] operator in particular....He will also testify about ocean conditions on the day of the Accident and [rescue watercraft] operations in general." (Def.'s Witness List, ECF No. 144).

Defendant is not permitted to call Mr. Forester to testify about rescue watercraft operations. Mr. Forester cannot testify as an expert or about his experience with rescue watercraft operations. Mr. Forester may provide lay witness testimony. A lay witness may testify to a matter only if he has personal knowledge of it. Fed. R. Evid. 602. A lay witness's opinion must be rationally connected to personal knowledge and helpful to the trier of fact. Fed. R. Evid. 701.

A witness has personal knowledge only when testifying about events perceived through physical senses or when testifying about opinions rationally based on personal observations and experience. United States v. Durham, 464 F.3d 976, 982 (9th Cir. 2006); United States v. Simas, 937 F.2d 459, 464 (9th Cir. 1991).

Federal Rule of Evidence 701 provides:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

    (a)   rationally based on the witness's perception;

    (b)   helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

    (c)   not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

The scope of Mr. Forester's testimony is limited to ocean conditions on the day of the accident and his conversation with Captain Park.

Mr. Forester may not testify about information outside his own personal observations. Weinstein's Fed. Evid. § 701.03[4][b]. Lay opinion testimony must be based on the witness's own perception or observations. Dorn v. Burlington N. Santa Fe R.R. Co., 397 F.3d 1183, 1192-93 (9th Cir. 2005); United States v. Peters, 743 F.3d 1113, 1117 (7th Cir. 2014) (finding that the police officer's testimony about the speed of the vehicles and the distances between the two vehicles was proper lay opinion testimony); Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190, 1196-98 (3d Cir. 1995) (identifying numerous instances in which lay opinion testimony is admissible).

### C. Disruption In Trial Schedule And Lack Of Bad Faith

Plaintiff has the opportunity to depose Mr. Forester before trial commences on March 12, 2019. Plaintiff's ability to depose Mr. Forester about his limited lay opinion testimony will minimize any prejudice to the Plaintiff due to Defendant's untimely disclosure.

The last-minute deposition of Mr. Forester after the discovery cut-off has passed impairs the Plaintiff's ability to prepare its case. Trial will not be delayed, however, as there is only one deposition that is needed to be conducted and there is sufficient time before trial for Plaintiff to conduct the deposition.

The late disclosure appears to be due to the Defendant's lack of diligence and not due to any bad faith or willful conduct.

The Court finds that limiting the scope of Mr. Forester's testimony and providing Plaintiff with the opportunity to depose him before trial is an appropriate remedy for Defendant's late disclosure. This remedy is an appropriate, less drastic measure than precluding Mr. Forester from testifying at trial.

### CONCLUSION

Plaintiff's Motion to Strike and Preclude Witnesses Forester, Ibarra, and Brown (ECF No. 125) is **GRANTED, IN PART,**

15

**AND DENIED, IN PART.**

Witnesses Ibarra and Brown are precluded from testifying at trial.

The Court declines to preclude Ian Forester from testifying at trial. Mr. Forester may testify at trial as a lay witness.

Plaintiff has the opportunity to depose Mr. Forester. The deposition shall be taken by March 8, 2019. Mr. Forester may not testify at trial if he is not made available for deposition.

IT IS SO ORDERED.

Dated: February 28, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge