IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD MCARTHUR RIGSBEE, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>        Defendant. | Civ. No. 17-00532 HG-RT |

**ORDER DENYING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR LEAVE TO AMEND DEFENDANT'S AMENDED ANSWER (ECF No. 129)**

This is a maritime action relating to the death of Clifford Meredith Rigsbee following an accident on June 14, 2016.

The decedent was engaged in rescue watercraft training as part of his duties as a firefighter with the Honolulu Fire Department. During the ocean training, the decedent suffered blunt force injury to his head and neck. He died two days later as a result of his injuries.

On October 23, 2017, Plaintiff filed a Complaint.

On December 18, 2017, Defendant filed its Answer.

On May 17, 2018, Plaintiff filed the First Amended Complaint.

On May 31, 2018, Defendant filed its Answer to First Amended

1

Complaint.

On June 4, 2018, Defendant filed its Amended Answer to the First Amended Complaint.

More than eight months later and five weeks before trial, on February 6, 2019, Defendant filed a Motion seeking to amend its Amended Answer.

Defendant seeks to amend its answer to allow it to assert an affirmative defense pursuant to the Exoneration and Limitation of Liability Act, 46 U.S.C. §§ 30501-30512. Defendant claims that pursuant to this affirmative defense its limitation on liability is capped at the value of the rescue watercraft at issue in this case.

Defendant's Motion for Leave to Amend Defendant's Amended Answer (ECF No. 129) is **DENIED**.

## PROCEDURAL HISTORY

On October 23, 2017, Plaintiff Clifford McArthur Rigsbee, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased, filed a Complaint. (ECF No. 1).

On December 18, 2017, Defendant filed its Answer. (ECF No. 21).

On December 21, 2017, the Magistrate Judge issued a Rule 16 Scheduling Order. (ECF No. 23).

On January 29, 2018, Plaintiff filed PLAINTIFF'S MOTION TO

STRIKE DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE (FOR ASSUMPTION OF RISK) (ECF No. 27).

On February 8, 2018, the Parties signed a STIPULATION TO DISMISS WITH PREJUDICE THE SEVENTH AFFIRMATIVE DEFENSE OF DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO COMPLAINT, FILED ON DECEMBER 18, 2017. (ECF No. 30).

On February 14, 2018, the Court signed the Stipulation and Order agreed to by the Parties. (Id.)

On May 17, 2018, Plaintiff filed the FIRST AMENDED COMPLAINT. (ECF No. 36).

On May 31, 2018, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO FIRST AMENDED COMPLAINT. (ECF No. 37).

On June 4, 2018, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT. (ECF No. 38).

On July 18, 2018, Plaintiff filed PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING AVAILABILITY OF HEDONIC DAMAGES and a Concise Statement of Facts in Support. (ECF Nos. 48 and 49).

On the same date, Plaintiff filed PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS and a Concise Statement of Facts in Support. (ECF Nos. 50 and 51).

On August 7, 2018, Defendant filed DEFENDANT CITY AND COUNTY

OF HONOLULU'S **STATEMENT OF NO POSITION** TO PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS. (ECF No. 57) (emphasis added).

On the same date, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S **STATEMENT OF NO POSITION** TO PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES. (ECF No. 58) (emphasis added).

On September 18, 2018, the Magistrate Judge issued a STIPULATION EXTENDING EXPERT DISCLOSURES AND DISCOVERY DEADLINES. (ECF No. 77).

On September 27, 2018, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES. (ECF No. 80).

On October 2, 2018, Plaintiff filed an Opposition to Defendant's Motion to Continue. (ECF No. 89).

On October 15, 2018, the Court held a hearing. The Court **GRANTED** DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES. (ECF No. 101).

On October 16, 2018, the Court issued an ORDER GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES AND GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R.

CIV. P. AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS.  (ECF No. 99).

On November 2, 2018, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO CONTINUE EXPERT DISCLOSURE DEADLINE.  (ECF No. 102).

On November 26, 2018, the Court held a hearing and it denied Defendant's Motion to Continue Expert Disclosure Deadline.  (ECF No. 112).  The Court extended the discovery deadline at Defendant's request for limited purposes.  (Id.)

On January 29, 2019, the Magistrate Judge held a Final Pretrial Conference.  (ECF No. 124).

On February 6, 2019, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR LEAVE TO AMEND DEFENDANT'S AMENDED ANSWER.  (ECF No. 129).

On February 14, 2019, Plaintiff filed PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND.  (ECF No. 134).

On February 19, 2019, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND DEFENDANT'S AMENDED ANSWER.  (ECF No. 148).

On February 21, 2019, the Court held a hearing on Defendant's Motion for Leave to Amend.

**STANDARD OF REVIEW**

**FED. R. CIV. P. 16**

A party that seeks leave to amend his or her pleading after the deadline for filing such a motion has passed must first establish that there is good cause to amend the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4). In re Western States Wholesale, 715 F.3d 716, 737 (9th Cir. 2013); Siliga v. Deutsche Bank Nat. Trust Co., 637 Fed. Appx. 438, 440 (9th Cir. 2016).

Rule 16(b)(4) provides that a scheduling order may be amended only "for good cause." Fed. R. Civ. P. 16(b)(4). Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment, **the Rule 16(b)(4) good cause standard primarily considers the diligence of the party seeking the amendment.** Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (emphasis added).

**FED. R. CIV. P. 15**

If a party establishes good cause to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4), the party must also meet the standard to allow for amendment of the pleading as set forth in Fed. R. Civ. P. 15(a).

A party may amend its pleading before trial with the

6

opposing party's consent or the court's leave pursuant to Fed. R. Civ. P. 15(a). The rule states that the court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts consider bad faith, dilatory motive on the movant's part, undue delay, prejudice to the opposing party, and futility in reviewing a party's request to amend a pleading pursuant to Rule 15(a). In re Morris, 363 F.3d 891, 894 (9th Cir. 2004).

## ANALYSIS

This maritime action involves the June 14, 2016 accident that resulted in the death of Clifford Meredith Rigsbee.

More than a year and a half after proceedings commenced and five weeks before trial, Defendant seeks to raise an affirmative defense pursuant to the federal Exoneration and Limitation of Liability Act, 46 U.S.C. §§ 30501-30512 ("Limitation of Liability Act") for the first time.

Defendant's Motion is untimely, would unduly delay trial, and severely prejudice the Plaintiff.

**I. Defendant's Motion for Leave to Amend Its Amended Answer Is Untimely**

As a preliminary matter, Defendant cites Federal Rule of Civil Procedure 15 as the rule governing its Motion For Leave to Amend its Amended Answer. (Def.'s Motion at p. 2, ECF No. 129-

7

1). Defendant is incorrect. Federal Rule of Civil Procedure 16 governs Defendant's Motion for Leave to Amend its Answer.

A party may seek to amend its pleadings pursuant to the standard of Fed. R. Civ. P. 15 only if it files a motion to amend before the deadline set forth in the Rule 16 Scheduling Order.

The December 21, 2017 Rule 16 Scheduling Order set the deadline for either party to file a Motion to Amend its Pleadings. The Scheduling Order set the deadline for May 18, 2018. (Rule 16 Scheduling Order at p. 2, ECF No. 23).

Defendant filed its Motion for Leave to Amend its Amended Answer on February 6, 2019, nearly nine months after the Rule 16 deadline. (Def.'s Motion, ECF No. 129).

In such instances, the party must first establish good cause to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4) before turning to the Rule 15 inquiry for amending the pleading. In re Western States Wholesale, 715 F.3d 716, 737 (9th Cir. 2013).

Here, Defendant must first demonstrate good cause to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b) before the Court may evaluate if amendment is appropriate pursuant to Fed. R. Civ. P. 15(a).

**II. Defendant Has Not Established Good Cause Pursuant to Fed. R. Civ. P. 16(b)**

The Rule 16(b) good cause inquiry focuses on the diligence

8

of the party seeking to modify the scheduling order. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). The pretrial schedule may be modified if the deadline could not have been reasonably met despite the diligence of the party seeking the extension. Id. (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)) (internal quotation marks and citations omitted).

Defendant utterly failed to address Rule 16 and the good cause inquiry in its February 6, 2019 Motion. (Def.'s Motion and Memorandum, ECF No. 129, 129-1).

On February 19, 2019, two days before the scheduled hearing on the motion, Defendant filed a Reply without leave of Court. (ECF No. 148). In Defendant's Reply, it states the following regarding Rule 16 and the good cause inquiry:

> First, in keeping with the purposes of the rule, good cause exists to determine the issue of Defendant's Limitation of Liability Act defense on the merits in the interests of judicial economy and to allow for the comprehensive disposition of Plaintiff's cause of action and any defenses thereto. In the likely event of appeal, a developed record addressing all questions in this matter will further judicial economy.

(Def.'s Reply, at pp. 2-3, ECF No. 148).

Defendant misunderstands the good cause standard required to amend a scheduling order pursuant to Fed. R. Civ. P. 16. Rule 16 is designed to prevent parties from benefitting from carelessness, unreasonability, or gamesmanship. In re Cathode Ray Tube Antitrust Litigation, 2014 WL 4954634, *2 (N.D. Cal.

9

Oct. 1, 2014) (citing <u>Orozco v. Midland Credit Mgmt. Inc.</u>, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013)). Defendant cites no authority for its position that a defendant should be able to assert any defense on the eve of trial without notice to the plaintiff as long as it is in the interest of judicial economy.

Diligence of the party seeking amendment is the critical issue in the good cause determination. The diligence required for a showing of good cause has two parts:

(1) diligence in discovering the basis for amendment; and,

(2) diligence in seeking amendment once the basis for amendment has been discovered.

<u>Positive Techs., Inc. v. Sony Elecs., Inc.</u>, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013).

Defendant has already been granted a continuance of trial and multiple continuances of the discovery deadline and the expert disclosure deadline. (Stipulation Extending Expert Disclosures and Discovery Deadlines, ECF No. 77; Minutes Granting Defendant's Motion to Continue, ECF No. 101; Stipulation and Order Extending Date for Deposition, ECF No. 118).

The Court has previously ruled that Defendant has not been diligent in this case. (Minutes from November 26, 2018, denying Defendant's Motion to Continue Expert Disclosure Deadline due to the Defendant's lack of diligence, ECF No. 112).

Defendant has not addressed its own diligence for seeking amendment to its Amended Answer to the First Amended Complaint.

10

The record demonstrates that Defendant has not been diligent.

Proceedings commenced on October 23, 2017, when Plaintiff filed the Complaint.

Two months later, on December 18, 2017, Defendant City and County of Honolulu filed its Answer. Defendant did not assert an affirmative defense pursuant to the Limitation of Liability Act in its December 18, 2017 Answer.

On December 21, 2017, the Magistrate Judge held a Rule 16 Scheduling Conference. (ECF No. 22). The Magistrate Judge set a deadline of May 18, 2018 for the filing of any motion to amend the pleadings. (ECF No. 23).

Five months later, on May 17, 2018, Plaintiff filed a First Amended Complaint. (ECF No. 36).

Defendant subsequently filed its Answer to the First Amended Complaint two weeks later on May 31, 2018. (ECF No. 37). Defendant did not plead an affirmative defense pursuant to the Limitation of Liability Act in its Answer to the First Amended Complaint.

Defendant again amended its Answer to the First Amended Complaint a few days later on June 4, 2018. (ECF No. 38).

Once again, Defendant did not raise an affirmative defense pursuant to the Limitation of Liability Act.

Five weeks before trial, on February 6, 2018, for the first time, Defendant seeks to assert an affirmative defense pursuant

11

to the Limitation of Liability Act. (Def.'s Motion for Leave to Amend Answer, ECF No. 129).

As Plaintiff correctly asserts, Defendant "offers no reason" why it failed to comply with the May 18, 2018 deadline for seeking to amend its pleadings. (Pla.'s Opp. at p. 3, ECF No. 134).

The basis for Defendant's defense would have been discoverable from the initiation of these proceedings. The Limitations of Liability Act is commonly asserted in maritime cases.

A shipowner can assert the right to limitation of liability in two ways: (1) by filing a pre-emptive petition for limitation of liability pursuant to 46 U.S.C. § 30511 or (2) by pleading limitation of liability as an affirmative defense in the answer to an existing complaint. Signal Oil & Gas Co. v. Barge W-701, 654 F.2d 1164, 1173 (5th Cir. 1981); see Cape Flattery v. Titan Maritime LLC, 2012 WL 3113168, *8-*9 (D. Haw. July 31, 2012).

Defendant did not timely comply with either mechanism for invoking the Limitation of Liability Act defense. There can be no dispute that Defendant had notice of the potential availability of the defense since proceedings commenced in October 2017. Defendant has not been diligent in pleading the affirmative defense and not diligent in seeking amendment of the scheduling order to plead the defense.

Defendant had multiple opportunities to include the defense. Defendant filed three separate answers:

(1) Defendant's Answer to the Complaint on December 18, 2017 (ECF No. 21);

(2) Defendant's Answer to the First Amended Complaint on May 31, 2018 (ECF No. 37); and,

(3) Defendant's Amended Answer to the First Amended Complaint on June 4, 2018 (ECF No. 38).

Defendant has not provided any reasons, let alone good cause, for its failure to include the affirmative defense that it now seeks to plead.

The record establishes that Defendant was given notice, early in the litigation, that there were issues concerning its pleading of affirmative defenses. On January 29, 2018, Plaintiff filed a Motion to Strike Defendant's Seventh Affirmative Defense. (ECF No. 27). Plaintiff sought to exclude Defendant's defense for assumption of risk. (Id.)

On February 8, 2018, the Parties signed a STIPULATION TO DISMISS WITH PREJUDICE THE SEVENTH AFFIRMATIVE DEFENSE OF DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO COMPLAINT. (ECF No. 30). On February 14, 2018, the Court signed the Stipulation and Order. (Id.)

Defendant also had the opportunity to file an Opposition to Plaintiff's two motions for summary judgment concerning the damages available in this case. Defendant did not respond to Plaintiff's Motions by raising a Limitation on Liability defense.

13

Rather, Defendant did not oppose Plaintiff's Motions for Summary Judgment.

Defendant waited until February 6, 2019, almost a year and a half after proceedings commenced and mere weeks before trial, to attempt to seek to plead such a defense.

Defendant has failed to establish good cause to amend the scheduling order pursuant to Fed. R. Civ. P. 16.

**III. Defendant Has Not Established Amendment Is Appropriate Pursuant to Fed. R. Civ. P. Rule 15(a)**

Even if the Court found good cause to excuse Defendant's untimeliness under Rule 16, Defendant must demonstrate that leave to amend its pleading is warranted pursuant to Federal Rule of Civil Procedure 15(a).

Rule 15(a) policy favors amendment and is applied liberally in the Ninth Circuit. <u>Johnson</u>, 975 F.2d at 607. The Rule provides that permission to amend "should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." <u>Id.</u>

Defendant claims that its amendment and assertion of a new defense five weeks before trial would not prejudice Plaintiff and would not create undue delay in the trial.

Defendant's argument is not well taken. Defendant seeks to cap its own liability at the value of the water rescuecraft involved in the accident on June 18, 2016. Its assertion that

14

this liability limit would not prejudice Plaintiff or delay trial misconstrues the Limitation of Liability Act.

### A. Limitation Of Liability Act of 1851

The Limitation of Liability Act was designed to limit the financial liability of a shipowner to the value of the vessel and its freight. In re UFO Chuting of Hawaii, Inc., 233 F.Supp.2d 1254, 1256-57 (D. Haw. 2001). The United States Supreme Court explained that the object of the law was to encourage shipbuilding and to induce investment in this branch of industry. Norwich & N.Y. Trans. Co. v. Wright, 80 U.S. 104, 121 (1871).

The statute was enacted in 1851. Many cases have criticized the Act as "hopelessly anachronistic." Hawaiian Watersports, LLC, Civ. No. 07-617 ACK-BMK, 2008 WL 3065381, *2 (D. Haw. Feb. 29, 2008) (citing Keys Jet Ski, Inc. v. Kays, 893 F.2d 1225, 1228 (11th Cir. 1990) and collecting cases).

The Limitation of Liability Act limits the shipowner's liability. The Act provides limitations either because of the unseaworthiness of the shipowner's vessel or due to the negligence of the vessel's crew. In re BOWFIN M/V, 339 F.3d 1137, 1137 (9th Cir. 2003) (per curiam). The Limitation of Liability Act does not apply if the condition of unseaworthiness or the act of negligence was within the shipowner's privy or knowledge. Id.

**B. Allowing The Late Affirmative Defense Would Prejudice Plaintiff And Delay Trial**

A key issue for determining the applicability of the Limitation of Liability Act is the existence of privity or knowledge of the vessel owner pursuant to 46 U.S.C. § 30506(a). A shipowner has privity if he personally participated in the negligent conduct or brought about the unseaworthy condition. Knowledge, when the shipowner is a corporation, is judged not only by what the corporation's managing officers actually knew, but also by what they should have known with respect to conditions or actions likely to cause the loss or injury. Pennzoil Producing Co. v. Offshore Exp., Inc., 943 F.2d 1465, 1473-74 (5th Cir. 1991).

Extensive discovery may be required to address not only the issue of privity and knowledge of the managing officers of a corporation but also questions regarding the vessel itself. In re Kaufman, 2015 WL 1529850, *995 (E.D. N.Y. Mar. 31, 2015) (explaining that "privity and knowledge are issues involving some degree of culpability that cannot be determined as a matter of law without discovery"); Kahue v. Pac. Environmental Corp., 834 F.Supp.2d 1039, 1059 (D. Haw. 2011) (denying summary judgment due to questions of fact presented in evidence as to the corporation's supervisors and vice presidents as to their knowledge and privity for purposes of the Limitation Of Liability

16

Act); see In re RQM, LLC., 2011 WL 98472, *4 (N.D. Ill. Jan. 12, 2011) (ordering discovery on the issue of "privity or knowledge" for purposes of 46 U.S.C. § 30505).

The use of the defense is further complicated in this case as the owner of the rescue watercraft was the City and County of Honolulu and not a corporation or one individual.

Discovery in this case closed on December 20, 2018, more than two months ago, after it was extended at the Defendant's request. (Minutes from November 26, 2018, ECF No. 112). Motions in Limine have already been filed and deposition designations have been provided to the Court in preparation for trial. Allowing Defendant to assert this untimely defense would not only require delay of trial but it would require the Court to reopen discovery. Doing so would not only increase litigation costs for Plaintiff but would also create delay in potential recovery from Defendant.

The Ninth Circuit Court of Appeals has explained that a need to reopen discovery and therefore delay the proceedings results in prejudice supporting the denial of a delayed motion to amend pleadings. Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (citing Solomon v. N. Am. Life And Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998).

Here, there are questions of whether the Limitations of Liability Act would even apply to the case. The Parties have not

briefed the issues nor have they conducted any discovery contemplating the complex issues and requirements set forth in the statute. If Defendant was able to assert the defense, it would require a substantial delay in proceedings and the need to reopen discovery. The addition of such an untimely defense would result in prejudice to Plaintiff. The amendment is not appropriate even under Defendant's wish to rely on Fed. R. Civ. P. 15. Zivikovic, 302 F.3d at 1087.

**CONCLUSION**

Defendant City and County of Honolulu's Motion for Leave to Amend Defendant's Amended Answer (ECF No. 129) is **DENIED.**

IT IS SO ORDERED.

Dated: February 28, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge