IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD MCARTHUR RIGSBEE, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>        Defendant. | Civ. No. 17-00532 HG-RT |

**ORDER DENYING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION IN LIMINE NO. 5 TO EXCLUDE OR LIMIT THE LINE-OF-DEATH INVESTIGATION REPORT (ECF No. 146)**

Defendant's Motion in Limine No. 5 seeks to preclude the admission of the Honolulu Fire Department's April 13, 2017 Line-of-Duty Death Investigation Report, marked as Trial Exhibit 1.

Defendant asserts that the Investigation Report is not admissible pursuant to Fed. R. Evid. 407 as it contains evidence of subsequent remedial measures.

Plaintiff does not oppose exclusion of the majority of the Recommendations section of the Investigation Report.

Plaintiff opposes the exclusion of the Report's analysis, fact-finding, and conclusions as they are not barred by Fed. R. Evid. 407.

Defendant's Motion in Limine No. 5 (ECF No. 146) is **DENIED**.

1

The Court finds that the Line-of-Duty Death Investigation Report, marked as Trial Exhibit 1, is **ADMISSIBLE** as to pages 1-13 and pages 18-32.

The Recommendations section on pages 14-17 of the Line-of-Duty Death Investigation Report is precluded from being introduced at trial.

Plaintiff had requested that two portions of the Recommendations Section be admitted, specifically the finding that "[t]he following activities have been identified as hazardous activities related to the [Rescue Watercraft] Program:

- Operating the [rescue watercraft] near or over waves and/or swells
- Operating with a 2nd person on the [rescue watercraft], specifically on the rescue sled."

The Court declines to admit this portion of the Report as it is contained in the Recommendations Section.

Plaintiff may develop its theory and inquire through testimony at trial as to what activities have been identified by the Honolulu Fire Department as hazardous as they are related to the Rescue Watercraft Program.

## **STANDARD OF REVIEW**

Federal Rule of Evidence 407 provides:

When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the

2

> subsequent measures is not admissible to prove:
>
> - negligence;
>
> - culpable conduct;
>
> - a defect in a product or its design; or
>
> - a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or—if disputed—providing ownership, control, or the feasibility of precautionary measures.
>
> Fed. R. Evid. 407.

## **ANALYSIS**

### I. Line-Of-Duty Death Investigation Report

On June 14, 2016, the decedent, Clifford Meredith Rigsbee, was engaged in rescue watercraft training as part of his duties as a firefighter with the Honolulu Fire Department. During the ocean training, the decedent suffered blunt force injury to his head and neck. He died two days later as a result of his injuries.

Following the accident, the Honolulu Fire Department conducted a Line-of-Duty Death Investigation Report, dated April 13, 2017. (LODD Report, Trial Exhibit 1).

The report was prepared by Honolulu Fire Department Battalion Chief Ryan Young on behalf of the Fire Department Occupational Safety and Health Office. (Id. at p. 32). Battalion Chief Young was assisted by Battalion Chief Daryl

Evangelista from Fire Operations, Safety Specialist Paul Sugita from the Occupational Safety and Health Office, and Captain Christopher Cabasa from the Occupational Safety and Health Office. (Id.)

The report was based on a review of radio transmission recordings, witness interviews, site visits to the accident location, a review of medical records, weather reports, personnel files, and the Honolulu Fire Department's policies and procedures. (LODD Report, Trial Exhibit 1).

The report includes photographs and various sections including: Timeline of Events, the Honolulu Fire Department's Internal Investigation, Investigation Findings, Key Contributing Factors, Other Incident Factors, Defining Unacceptable Risks, and Recommendations.

**II. The April 13, 2017 Line-Of-Duty Death Investigation Report Is Admissible Except For The Recommendations Set Forth In The Report**

The doctrine of subsequent remedial measures does not extend to internal investigations. In re Aircrash in Bali, Indonesia, 871 F.2d 812, 817 n.2 (9th Cir. 1989) (per curiam); Gray v. Golden Gate Nat. Recreational Area, 866 F.Supp.2d 1129, 1141 (N.D. Cal. 2011). Subsequent remedial measures include only the actual remedial measures themselves and not the initial steps toward ascertaining if a remedial measure is required. In re

4

Aircrash, 871 F.3d at 817 n.2.

Internal investigations and reports that are created to determine if a remedial measure is required do not fall within the scope of Rule 407 because they are not themselves remedial measures. Aranda v. City of McMinnville, 942 F.Supp.2d 1096, 1103 (D. Or. 2013).

Plaintiff agrees that the majority of the Recommendations section of the Line-of-Duty Death Report could constitute subsequent remedial measures and therefore should be excluded pursuant to Fed. R. Evid. 407; see Maddox v. City of L.A., 792 F.2d 1408, 1417 (9th Cir. 1986).

The remaining sections of the Line-of-Duty Death Report do not constitute subsequent remedial measures. The sections provide factual background, opinions, and analysis as to what happened during the actual events at issue in the case. The sections do not describe subsequent remedial measures that the Defendant City and County of Honolulu implemented as a result of the accident.

A defendant's self analysis of deficiencies does not constitute subsequent remedial measures for purposes of Fed. R. Evid. 407. Gray, 866 F.Supp.2d at 1141; Dowling v. Am. Hawaii Cruises, Inc., 971 F.2d 423, 427 (9th Cir. 1992).

## CONCLUSION

Defendant's Motion in Limine No. 5 (ECF No. 146) is **DENIED**.

The Line-of-Duty Death Investigation Report, marked as Trial Exhibit 1, is **ADMISSIBLE** as to pages 1-13 and pages 18-32.

The Recommendations section on pages 14-17 of the Line-of-Duty Death Investigation Report is precluded from being introduced at trial.

IT IS SO ORDERED.

Dated: March 6, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Clifford McArthur Rigsbee as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased v. City and County of Honolulu; Civ. No. 17-00532 HG-RT; **ORDER DENYING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION IN LIMINE NO. 5 TO EXCLUDE OR LIMIT THE LINE-OF-DEATH INVESTIGATION REPORT (ECF No. 146)**