IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD MCARTHUR RIGSBEE, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>        Defendant. | Civ. No. 17-00532 HG-RT |

**ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE UNFOUNDED ECONOMIC OPINIONS (ECF No. 131)**

This is a maritime action relating to the death of Clifford Meredith Rigsbee. On June 14, 2016, the decedent was engaged in rescue watercraft training as part of his duties as a firefighter with the Honolulu Fire Department. During the ocean training, the decedent suffered blunt force injury to his head and neck. He died two days later as a result of his injuries.

Plaintiff Clifford McArthur Rigsbee, as Personal Representative of the Estate of Clifford Meredith Rigsbee, filed a Motion seeking to exclude from evidence certain economic opinions of Defendant's expert, Jack C. Suyderhoud, Ph.D.

Plaintiff's Motion to Exclude Unfounded Economic Opinions is **GRANTED**.

1

Defendant's expert Jack C. Suyderhoud, Ph.D. is permitted to testify at trial.

Dr. Suyderhoud's testimony shall not attempt to circumvent the Court's October 16, 2018 ORDER GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES AND GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS. (ECF No. 99).

Nor may Dr. Suyderhoud provide legal opinions. He also may not rely on Hawaii Revised Statutes §§ 663-7 and 663-8 for his opinion. Specifically, he may not testify that Plaintiff's loss of future earnings damages should be reduced pursuant to Hawaii state law.

Dr. Suyderhoud is precluded from testifying that pre-judgment interest is not available in this case.

The Court rules that pre-judgment interest is available in this case. An award of pre-judgment interest and the rate thereof is a matter for trial.

**PROCEDURAL HISTORY**

On October 23, 2017, Plaintiff Clifford McArthur Rigsbee, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased, filed a Complaint. (ECF No. 1).

On May 17, 2018, Plaintiff filed the FIRST AMENDED COMPLAINT. (ECF No. 36).

On July 18, 2018, Plaintiff filed PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING AVAILABILITY OF HEDONIC DAMAGES and a Concise Statement of Facts in Support. (ECF Nos. 48 and 49).

On the same date, Plaintiff filed PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS and a Concise Statement of Facts in Support. (ECF Nos. 50 and 51).

On August 7, 2018, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S **STATEMENT OF NO POSITION** TO PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS. (ECF No. 57) (emphasis added).

On the same date, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S **STATEMENT OF NO POSITION** TO PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES. (ECF No. 58) (emphasis added).

On October 16, 2018, the Court issued an ORDER GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES AND GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R.

CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS. (ECF No. 99).

On February 7, 2019, Plaintiff filed PLAINTIFF'S MOTION TO EXCLUDE UNFOUNDED ECONOMIC OPINIONS. (ECF No. 131).

On February 15, 2019, Defendant filed DEFENDANT CITY AND COUNTY OF HONOLULU'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE UNFOUNDED ECONOMIC OPINIONS. (ECF No. 136).

## **STANDARD OF REVIEW**

Federal Rule of Evidence 702 provides that "scientific, technical, or other specialized knowledge" by a qualified expert is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702.

The United States Supreme Court held in Daubert v. Merrell Dow Pharms., 509 U.S. 579, 589 (1993) that the District Court has a gatekeeping responsibility to objectively screen expert testimony to ensure that it is not only relevant, but reliable. The District Court's obligation applies to technical and other specialized knowledge as well as testimony based on scientific knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141-42 (1999).

The Ninth Circuit Court of Appeals has explained that expert testimony is relevant if the evidence logically advances a

material aspect of the party's case.  Estate of Barabin v.
AstenJohnson, Inc., 740 F.3d 457, 463-64 (9th Cir. 2014).

## ANALYSIS

The Parties do not dispute that Defendant's expert Jack P.
Suyderhoud, Ph.D. is qualified to provide expert testimony
regarding economic damages and that economic damages are relevant
to the case.

The dispute concerns the scope of Dr. Suyderhoud's opinion
and whether his calculations are based on incorrect or irrelevant
law.  Specifically, Plaintiff argues that Dr. Suyderhoud's
calculations based on the decedent's loss of future earnings are
based on inapplicable Hawaii state law.  Plaintiff also argues
that Dr. Suyderhoud's opinions about the availability of pre-
judgment interest are erroneous and should be excluded.

**I.   The Court Has Issued A Prior Ruling On Economic Damages
     Available In This Case**

   **A.   Filings On Plaintiffs' Motions For Partial Summary
         Judgment As To Damages Available**

On July 18, 2018, Plaintiff sought summary judgment as to
some of the damages available in its general maritime law action
brought against the Defendant.  (Pla.'s Motions for Partial
Summary Judgment, ECF Nos. 48-51).

Defendant City and County of Honolulu filed statements of No

Position in response to Plaintiff's Motions. (Def.'s Statements of No Position, ECF Nos. 57-58).

On October 16, 2018, the Court issued an ORDER GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE AVAILABILITY OF HEDONIC DAMAGES AND GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS. (ECF No. 99).

### B. The Court Ruled That Plaintiff Is Able To Seek Damages For Loss Of Future Earnings And Hedonic Damages

Plaintiff moved for partial summary judgment seeking rulings from the Court that certain types of damages were available. Plaintiff sought rulings to ensure it could seek future earnings damages and hedonic damages. It did not seek to limit it's damages, but only to expand the remedies that were available.

The Court ruled that there is federal maritime jurisdiction and that general maritime law applies to the claims brought by Plaintiff, on behalf of the Estate of the deceased. (Court's October 16, 2018 Order at pp. 7-9, ECF No. 99).

The Court ruled that remedies available under general maritime law apply as set forth in Moragne v. States Marine Lines, Inc., 398 U.S. 375, 393, 409 (1970) and Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 208 (1996). (Id. at pp. 9-10).

6

Two remedies that the Court finds applicable are:

(1) loss of future earnings pursuant to general maritime law; and,

(2) hedonic damages pursuant to Hawaii state law.

(Court's October 16, 2018 Order, ECF No. 99).

First, the Court ruled that the Estate can seek damages for loss of future earnings as set forth in Evich v. Morris, 819 F.2d 256, 258 (9th Cir. 1987).

Second, the Court ruled that hedonic damages are available under Hawaii state law. Such state law remedies are permitted under general maritime law where they expand the relief available to a plaintiff, but are not applicable if they decrease or preclude the remedies available under general maritime law. Schoenbaum, 1 Adm. & Mar. Law § 8:3 (6th ed. 2018) (citing In re Antill Pipeline Const. Co., Inc., 866 F.Supp.2d 563, 567 (E.D. La. 2011)).

Defendant's expert report seeks to limit one of the remedies that the Court ruled is available: the loss of future earnings damages. Defendant's economic expert submitted an expert report that requires limitation on the damages for loss of future earnings based on Hawaii state law.

The expert opines that Hawaii law requires the decedent's future lost earnings be reduced by his personal consumption. The expert also opines that pre-judgment interest is not available.

7

**II. Defendant's Economic Expert Opinion**

    **A.    Dr. Suyderhoud Is An Expert**

Defendant's economic expert, Jack P. Suyderhoud, Ph.D., is qualified to provide expert testimony regarding economic damages pursuant to Federal Rule of Evidence 702.

Dr. Suyderhoud may provide specialized knowledge in order to "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702.

    **B.    Defendant's Expert Report Contains Calculations Based On Inapplicable Hawaii State Law**

The Estate is entitled to seek damages based on the decedent's loss of future earnings pursuant to general maritime law. (Court's October 16, 2018 Order on Partial Summary Judgment, ECF No. 99).

Defendant did not file an Opposition to the Plaintiff's Motions seeking rulings on the availability of loss of future earnings damages.

Defendant now seeks to limit Plaintiff's recovery for loss of future earnings by implementing the portion of Hawaii state law that would diminish Plaintiff's recovery.

Defendant's economic expert, Jack P. Suyderhoud, Ph.D., prepared a report. (Dr. Suyderhoud's Report, attached as Ex. B to Pla.'s Motion, ECF No. 131-4). Dr. Suyderhoud's report

8

includes a calculation for loss of future earnings damages. Dr. Suyderhoud applied Hawaii Revised Statutes §§ 663-7 and 663-8 in making his calculations. Dr. Suyderhoud applied the statute in forming the basis for his opinion as to Plaintiff's potential recovery for loss of future earnings.

Haw. Rev. Stat. §§ 663-7 and 663-8 govern survival action pursuant to Hawaii state law. Section 663-8 provides:

> Together with other damages which may be recovered by law, the legal representative of the deceased person may recover where applicable under section 663-7 the future earnings of the decedent in excess of the probable cost of the decedent's own maintenance and the provision the decedent would have made for the decedent's actual or probable family and dependents during the period of time the decedent would have likely lived but for the accident.

Haw. Rev. Stat. § 663-8.

Dr. Suyderhoud's calculations reduced Plaintiff's loss of future earnings damages by 50% pursuant to Haw. Rev. Stat. § 663-8. Dr. Suyderhoud concludes that Plaintiff's estate would be entitled to a maximum of $250,000 for loss of future earnings pursuant to Hawaii state law.

Plaintiff objects to the basis and the conclusions of Dr. Suyderhoud's opinion. Plaintiff argues that Dr. Suyderhoud should be precluded from providing legal opinions and opinions that contradict the Court's rulings. Plaintiff asserts that to the extent the Defendant's expert's opinion is based on Hawaii Revised Statutes § 663-8, rather than general maritime law, his

9

opinion should be excluded.

The Court finds that Dr. Suyderhoud is precluded from offering legal conclusions and rendering opinions as to the law applicable in this case. Nationwide Transport Fin. v. Cass Info. Sys., Inc., 523 F.3d 1051, 1058-59 (9th Cir. 2008); CFM Comm., LLC v. Mitts Telecasting Co., 424 F.Supp.2d 1229, 1233-34 (E.D. Cal. 2005) (explaining that although concerns about admitting expert opinion may be lessened when the court is the trier of fact, the trial judge has broad discretion to exclude expert opinion testimony that attempts to usurp the role of the trial judge in determining the relevant law).

Dr. Suyderhoud's reliance on Haw. Rev. Stat. §§ 663-7 and 663-8 is misplaced. The Court has already ruled that loss of future earnings damages are available pursuant to federal maritime law.

The expert's reliance on inapplicable Hawaii state law is not relevant and does not assist the Court in arriving at a damages calculation in this case. G. v. Hawaii Dept. Of Human Srvcs., 703 F.Supp.2d 1112, 1123 (D. Haw. 2010) (explaining that expert opinion concerning a statute or legal standard that is not applicable to the case is not relevant and is inadmissible).

A similar issue was raised in MacLay v. M/V SAHARA, 926 F.Supp.2d 1209, 1220-21 (W.D. Wash. 2013). In MacLay, the owner of a vessel attempted to invoke state law in order to limit the

damages available to the plaintiff who was the personal representative of a non-seafarer who died in state territorial waters. The plaintiff pursued survival and wrongful death claims pursuant to federal maritime law, not state law.

The vessel owner argued that the Washington State wrongful death statute did not allow for loss of society damages sought by the plaintiff. The vessel owner asserted that Washington State law should have applied to limit the damages available to the plaintiff. The Washington Federal District Court disagreed. The court held that "[a]lthough state law wrongful death remedies may be applied to enlarge the range of recoverable damages available, Defendants have not shown that, [under Ninth Circuit Court precedent], such statutes limit the nature of damages otherwise available under federal maritime law." Id.

Another court in the District of Hawaii has agreed with the Washington Federal District Court's reasoning. The Hawaii Federal District Court held that "State law on liability and limitations of damages that conflicts with and limits the relief available under federal maritime law should not be applied." Hambrook v. Smith, Civ. No. 14-00132 ACK-KJM, 2016 WL 4408991, at *24 (D. Haw. Aug. 17, 2016).

General maritime law does not reduce a decedent's loss of future earnings based on personal consumption or maintenance as set forth in Hawaii state law.

The Court looks to federal maritime law for determining loss of future earnings calculations. Courts generally apply a four-step procedure to calculate such damages in general maritime law:

> First, the loss of work life resulting from the injury or death is determined.
>
> Second, the lost income stream is calculated by estimating what the victim would have earned (including fringe benefits). To make this judgment, which is necessarily speculative, proof may be introduced not only regarding the victim's current wages, but also positive factors: what he might have received for individual merit and gains in productivity, as well as negative factors: that employment and wages are declining in the industry.
>
> Third, the total damages are determined by subtracting the plaintiff's post accident earning power from his normal earning power (both figures are after-tax) and multiplying the difference by his work-life expectancy.
>
> Fourth, the future income loss must be discounted by a discount rate established by the "market interest rate," the rate of interest earned on the best and safest investments. This discounting is necessary because damages paid in a lump sum are worth more than the same sum paid over a period of years in the future.
>
> Schoenbaum, 1 Am. & Mar. Law § 5-16(1)(b)(6th ed. 2018)

(citing Culver v. Slater Boat Co., 722 F.2d 114, 117 (5th Cir. 1983) (en banc)).

Defendant's expert may not base his opinion on inapplicable Hawaii state law. The expert's economic opinions must conform with the Court's prior rulings and the remedies available pursuant to general maritime law.

### C. Defendant's Expert Offers Opinions On Pre-Judgment Interest That Are Contrary To General Maritime Law

Dr. Suyderhoud's opinion states that pre-judgment interest is not available in this case. Dr. Suyderhoud may not provide such an opinion. Experts may not offer opinions on a purely legal issue. Aquilar v. Int'l Longshoremen's Union Local 10, 966 F.2d 443, 447 (9th Cir. 1992).

Dr. Suyderhoud's opinion concerning the availability of pre-judgment interest is contrary to the law applicable in this case. The Ninth Circuit Court of Appeals ruled in Evich, 819 F.2d at 259, that pre-judgment interest is recoverable in general maritime survival actions.

The remedy of pre-judgment interest is available. Matters concerning interest and the rate of interest are matters left for trial.

### CONCLUSION

Plaintiff's Motion to Exclude Unfounded Economic Opinions is **GRANTED**.

Defendant's expert Jack C. Suyderhoud, Ph.D. is permitted to testify at trial.

Dr. Suyderhoud's opinions must conform to the Court's October 16, 2018 ORDER GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING

THE AVAILABILITY OF HEDONIC DAMAGES AND GRANTING PLAINTIFF'S MOTION FOR DISPOSITIVE RULINGS UNDER FED. R. CIV. P. 16 AND 56(a) REGARDING THE ESTATE'S SURVIVAL-CLAIM FOR FUTURE LOST EARNINGS. (ECF No. 99).

Dr. Suyderhoud may not provide legal opinions. He also may not rely on Hawaii Revised Statutes §§ 663-7 and 663-8 for his opinion. Specifically, he may not testify that Plaintiff's loss of future earnings damages should be reduced pursuant to Hawaii state law.

Dr. Suyderhoud is precluded from testifying that pre-judgment interest is not available in this case.

The Court rules that the remedy of pre-judgment interest is available in this case.

IT IS SO ORDERED.

Dated: March 6, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

<u>Clifford McArthur Rigsbee as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased v. City and County of Honolulu</u>; Civ. No. 17-00532 HG-RT; **ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE UNFOUNDED ECONOMIC OPINIONS (ECF No. 131)**

14