IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD MCARTHUR RIGSBEE, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>Defendant. | Civ. No. 17-00532 HG-RT |

**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 1 REGARDING USE OF 30(B)(6) DEPOSITION TESTIMONY (ECF No. 137)**

Plaintiff Clifford McArthur Rigsbee, representative of the Estate of the Decedent, seeks to utilize at trial, in its case presentation, a designated portion of the Fed. R. Civ. P. 30(b)(6) videotaped deposition of Honolulu Fire Department ("HFD") Battalion Chief Jeffrey Hooker ("Battalion Chief Hooker") and Ocean Safety Chief Kevin Allen ("Chief Allen").

Plaintiff wishes to limit the designated portions of the deposition testimony to ninety-five (95) minutes. The video deposition would be offered in Plaintiff's case-in-chief in lieu of Plaintiff's live direct examination. Following Plaintiff's direct examination, Battalion Chief Hooker and Chief Allen would be available for cross-examination.

Defendant City and County of Honolulu opposes the use of the

deposition testimony. Defendant indicates that if Plaintiff is permitted to play the videotaped testimony, fairness requires the entire two-hundred thirty-five (235) minutes be played (pursuant to Fed. R. Civ. P. 32(a) and Fed. R. Evid. 106). Defendant also argues that because both Battalion Chief Hooker and Chief Allen are available to testify live at trial, their live testimony is preferable.

## **STANDARD OF REVIEW**

Fed. R. Civ. P. 32 governs the use of depositions in court proceedings and permits their use if the conditions set forth in Fed. R. Civ. P. 32(a) are met:

> (a) Using Depositions.
>
> (1) In General. At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
>> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>>
>> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>>
>> (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(3) provides that an "adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)."

2

Fed. R. Civ. P. 30(b)(6) provides in part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

## **ANALYSIS**

There is a strong preference for live testimony over recorded testimony. 7 James Wm. Moore et al., Moore's Federal Practice § 32.02; Beem v. Providence Health & Services, No. 10-CV-0037-TOR, 2012 WL 13018728 (E.D. Wash. Apr. 19, 2012) (citing Napier v. Bossard, 102 F.2d 467 (2nd Cir. 1939)(Learned Hand, J.)("The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.")). District courts are reluctant to utilize deposition testimony when the witness is available for live testimony. Dhyne v. Meiners Thriftway, Inc., 184 F.3d 983 (8th Cir. 1999).

Defendant's Fed. R. Civ. P. 30(b)(6) designated witnesses are Battalion Chief Hooker and Chief Allen. Battalion Chief Hooker is the current head of the HFD Occupational Safety and Health Office ("OSHO"). Battalion Chief Hooker succeeded Retired Battalion Chief Ryan Young ("Battalion Chief Young"). Battalion Chief Young was the head of the OSHO at the time of the subject

3

incident and the lead investigator of the Line-of-Duty Death Investigation Report. Chief Allen is the Chief of Operations for the Ocean Safety and Lifeguard Services.

To permit the use of Battalion Chief Hooker and Chief Allen's testimony would undermine the strong preference for live testimony. Both Battalion Chief Hooker and Chief Allen are available to testify at trial and their live testimony is preferred to the deposition testimony. Plaintiff cannot use the depositions in lieu of direct examination. The video depositions may otherwise be admissible for the purposes of impeachment.

Pursuant to Fed. R. Civ. P. 32(a)(6) and Fed. R. Evid. 106, if the Court permits the use of part of the video deposition testimony, the remaining portion of the deposition testimony must be played if fairness requires it.

Live testimony will permit the Plaintiff to present the relevant testimony from Battalion Chief Hooker and Chief Allen to the Court. Plaintiff's case may not require presenting all of the matters in the almost four (4) hour video deposition. Efficiency will be promoted by the live testimony. Defendant will be allowed to cross examine the witnesses as needed.

Plaintiff's Motion in Limine No. 1 to utilize the videotaped depositions of Defendant's Fed. R. Civ. P. 30(6)(b) designees instead of live testimony is **DENIED**.

The depositions may be admissible for impeachment or other purposes deemed necessary.

4

**CONCLUSION**

Plaintiff's Motion in Limine No. 1 (ECF No. 137) is **DENIED**.

IT IS SO ORDERED.

DATED: March 7, 2019, Honolulu, Hawaii.



Helen Gillmor
United States District Judge