IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD MCARTHUR RIGSBEE, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased,<br><br>            Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>            Defendant. | Civ. No. 17-00532 HG-RT |

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 1 REGARDING PRIOR INCIDENTS (ECF No. 141)**

Defendant City and County of Honolulu's Motion In Limine No. 1 seeks to exclude reference to or admission of evidence relating to other incidents that occurred involving Honolulu Fire Department Rescue Watercraft prior to the June 14, 2016 accident involving Clifford Meredith Rigsbee ("Decedent").

Specifically, Defendant seeks to prevent Plaintiff from admitting Trial Exhibit 127, Rescue Water Craft Injury Report Summary ("RWC Injury Report Summary") and Trial Exhibit 128, Reports of Industrial Injury or Illness.

The Parties agree as to the bulk of the exhibits. Plaintiff does not oppose the exclusion of Trial Exhibit 127, RWC Injury Report Summary.

Plaintiff also does not oppose the exclusion of majority of Trial Exhibit 128. Plaintiff does however, wish to introduce two

1

injury reports, listed as Incident #12 and Incident #22 in Trial Exhibit 128. (Trial Exhibit 128, pp. 25-26, 57-58).

Defendant City and County of Honolulu's Motion In Limine No. 1 (ECF No. 141) as reduced to incidents #12 and 22 is **DENIED**.

## ANALYSIS

### I. Subject Incident

On June 14, 2016, Clifford Meredith Rigsbee ("Decedent") was engaged in rescue watercraft training as part of his duties as a firefighter with the Honolulu Fire Department.

During the ocean training, Decedent suffered blunt force injury to his head and neck. He was brought ashore and transported to Straub Medical Center. Two days later, on June 16, 2014, he died as a result of his injuries.

### II. Prior Incidents

"A showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect." Cooper v. Firestone Tire & Rubber Co., 945 F.2d 1103, 1105 (9th Cir. 1991). Pursuant to Federal Rules of Evidence 401 and 402, dissimilar accidents lack the relevance required for admissibility. Id.

The degree of substantial similarity is dependent on how the evidence is to be used. If the evidence is being offered to

prove the existence of a dangerous condition, a higher degree of similarity is required because it weighs directly on the issue to be decided by the trier of fact. <u>Younan v. Rolls-Royce Corp.</u>, No. 09cv2136-WQH-BGS, 2013 WL 1899919, *9 (S.D. Cal. May 7, 2013). The degree of substantial similarity is relaxed when the unrelated incidents are introduced to prove notice or awareness of a defect. <u>Id.</u>; <u>Pau v. Yosemite Park & Curry Co.</u>, 928 F.2d 880, 889 (9th Cir. 1991). Any differences in the incidents not affecting a finding of substantial similarity go to the weight of the evidence. <u>Younan</u>, 2013 WL 1899919, at *9.

Substantial similarity and closeness in time between the incidents help determine the relevance of the evidence. <u>Weinstein's Fed. Evid.</u> § 401.08 [2].

Plaintiff argues that Decedent's injury occurred after the RWC traversed a wave while the Decedent was riding on the attached sled.

Plaintiff seeks to admit Incident #12 and Incident #22 to prove notice of the particular danger and foreseeability of resulting head injury.

### A. Incident #12; Injury Date: 04/12/10

Incident #12 provides, in relevant part, as follows:

Describe injury or illness (part of body and extent of injury)
> *Two (2) lacerations to the left eye lid.*

What was employee doing when injury occurred and how did injury happen?
> *Training on rescue water craft (Jet Ski), Brandon was lying on a rescue sled at the rear of the Jet Ski. The operator of the Jet Ski, transversed*

3

> *[sic] over a wave. After landing on the back side of the wave, Brandon's head collided with the rescue board. The impact resulted with the helmet visor to cause 2 lacerations on his eye lid.*

How could accident have been prevented? What action has been taken to prevent similar accidents in the future?
> *Employee was wearing all PPE [Personal Protection Equipment]. Even though no extreme operating maneuvering were performed employee were advised to use more caution when transversing [sic] over a wave.*

(Trial Exhibit 128, pp. 25-26).

Incident #12 occurred under circumstances similar to the subject incident. As in the case before the Court, the injured employee was training on the sled attached to the RWC. The RWC traversed a wave in both Incident #12 and the subject incident. The injured employee's "head collided with the rescue board." (Trial Exhibit 128, p. 25). This impact resulted in two lacerations on the injured employee's eyelid. (Id.)

The Decedent suffered head injuries as did the employee in Incident #12.

### B. Incident #22; Injury Date: 09/18/14

Incident #22 provides, in relevant part, as follows:

Describe injury or illness (part of body and extent of injury)
> *I [sic] head piled into the back of the rescue water craft and hurt my neck, back, and left shoulder and arm while trying to hold on to the sled.*

What was employee doing when injury occurred and how did injury happen?
> *I was the sled rider on the rescue water craft being driven by Captain James Hull. We were "facing off" with the shorebreak at North Beach. As we tried to punch through one of the 3 foot*

4

> *waves, the sled bucked me straight up into the air. My head and body came down straight into the back of the rescue water craft, then my fins "scorpioned" me, wacked me in the head. I flopped back down onto the board. I blacked out for a few seconds and then things came back fuzzy and I saw stars. I felt numbness and then tingling in my left and right arms.*
>
> How could accident have been prevented? What action has been taken to prevent similar accidents in the future? *Attempt to use more caution when conducting hazardous training activities.*

(Trial Exhibit 128, pp. 57-58).

Incident #22 occurred under circumstances similar to the subject incident. In the case before the Court, the Decedent was injured while on the attached sled of a RWC. Decedent injured his head and neck. The employee in Incident #22 was injured while on the attached sled of a RWC. The injured employee's "head and body came straight into the back of the rescue craft." (Trial Exhibit 128, p. 57). The Decedent lost consciousness as did the injured employee in this report.

### C. Incident #12 and Incident #22 in Trial Exhibit 128 Are Admissible

Plaintiff seeks to admit Incident #12 and Incident #22 for notice of this particular danger and foreseeability of resulting head injury. The degree of similarity between the prior incidents and the subject incident is relaxed because the evidence is offered to prove notice or foreseeability as opposed to negligence directly. Younan, 2013 WL 1899919, at *9. Any dissimilarities in the incidents not affecting a finding of substantial similarity go to the weight of the evidence, and not

5

to the admissibility.  Id.  The substantial similarity requirement is relaxed because Plaintiff seeks to admit Incident #12 and Incident #22 to demonstrate notice and foreseeability of what happened in the subject incident.

Incident #12 and Incident #22 are relevant.  The incidents are substantially similar to the subject incident because both incidents involved the injured employees riding on the attached sled of a RWC.  There are similarities between Decedent's injuries and the employees' injuries.  Incident #12 and Incident #22 are admissible.

Defendant's Motion In Limine No. 1 Regarding Prior Incidents #12 and #22 in Trial Exhibit 128 (ECF No. 141) is **DENIED.**

**CONCLUSION**

DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION IN LIMINE NO. 1 (ECF No. 141) IS **DENIED.**

IT IS SO ORDERED.

DATED: March 7, 2019, Honolulu, Hawaii.



Helen Gillmor
United States District Judge