IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD MCARTHUR RIGSBEE, as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>Defendant. | Civ. No. 17-00532 HG-RT |

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 2 REGARDING SUBSEQUENT REMEDIAL MEASURES (ECF No. 143)**

Defendant City and County of Honolulu's Motion In Limine No. 2 seeks to exclude reference to or admission of evidence relating to subsequent remedial measures taken by the Honolulu Fire Department after the June 14, 2016, accident involving Clifford Meredith Rigsbee ("Decedent").

Plaintiff does not oppose exclusion of subsequent remedial measures evidence, including post-incident recommendations. Plaintiff opposes exclusion of any evidence of investigation, fact-finding, and analyses relating to the subject incident.

Defendant City and County of Honolulu's Motion In Limine No. 2 (ECF No. 143) is **DENIED**.

1

## STANDARD OF REVIEW

Federal Rule of Evidence 407 prohibits the introduction of subsequent remedial measures as evidence to prove negligence, culpable conduct, a defect in the product, a defect in a product's design, or a need for warning or instruction.

Federal Rule of Evidence 407 provides:

When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:

- negligence;

- culpable conduct;

- a defect in a product or its design; or,

- a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasability of precautionary measures.

Fed. R. Evid. 407.

## ANALYSIS

On June 14, 2016, Clifford Meredith Rigsbee ("Decedent") was engaged in rescue watercraft training as part of his duties as a firefighter with the Honolulu Fire Department.

During the ocean training, Decedent suffered blunt force injury to his head and neck. He was brought ashore and

transported to Straub Medical Center.  Two days later, on June 16, 2014, he died as a result of his injuries.

Defendant asserts that after the subject incident, various individuals and committees within the Hawaii Fire Department investigated the event.  According to the Defendant, the investigations resulted in new policies and measures, including, but not limited to the following:

- recommendations calling for and the implementation of a Rescue Watercraft ("RWC") Program Committee;

- meetings of the RWC Committee to review and improve safety measures based upon preliminary recommendations;

- discussion and implementation of the "two-in, two-out" RWC policy;

- recommendations regarding training of RWC personnel;

- discussion and circulation of Special Notices of RWC Policy and Surface Water Search and Rescue SOG Updates; and

- recommendations regarding proper sled riding technique.

Defendant states that this list is not exhaustive.

Fed. R. Evid. 407 excludes evidence of remedial measures that were taken after an earlier injury or harm.  Remedial measures means any kind of changes, repairs, or precautions. Weinstein's Fed. Evid. § 407.06.  Not all post-incident actions are considered remedial measures.  Id.

Courts have considered different types of reports and investigations as outside the scope of Fed. R. Evid. 407. Subsequent remedial measures include "only the actual remedial measures themselves and not the initial steps toward ascertaining

3

whether any remedial measures are called for." In re Aircrash in Bali, Indonesia, 871 F.2d 812, 817 n.2 (9th Cir. 1989) (per curiam).

Fed. R. Evid. 407 does not preclude post-incident investigations and reports. Reports, investigations, and self-analysis of deficiencies that represent the preliminary steps that may lead to changes or decisions are not remedial measures themselves. Aranda v. City of McMinnville, 942 F.Supp.2d 1096, 1103 (D. Or. 2013); Gray v. Golden Gate Nat. Recreational Area, 866 F.Supp.2d 1129, 1141 (N.D. Cal. 2011).

Subsequent remedial measures may be admitted for other purposes "such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407.

Defendant provides a non-exhaustive list of policies and measures that it seeks to exclude as subsequent remedial measures. Defendant does not provide or attach specific documents or discuss the admissibility of such documents.

Defendant's Motion In Limine No. 2 Regarding Subsequent Remedial Measures (ECF No. 143) is **DENIED.**

Plaintiff is precluded from introducing evidence of subsequent measures that were implemented by Defendant unless they are offered for another reason such as impeachment or to prove ownership or control.

4

Plaintiff is not precluded from introducing evidence of policies, reports, and other documents that are outside the scope of Fed. R. Evid. 407.

**CONCLUSION**

DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION IN LIMINE NO. 2 (ECF No. 143) IS **DENIED**.

IT IS SO ORDERED.

DATED: March 7, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Clifford McArthur Rigsbee as Personal Representative of the Estate of Clifford Meredith Rigsbee, deceased v. City and County of Honolulu; Civ. No. 17-00532HG-KSC; **ORDER DENYING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION IN LIMINE NO. 2 REGARDING SUBSEQUENT REMEDIAL MEASURES (ECF No. 143)**